IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-894

 Filed: 2 June 2020

Mecklenburg County, Nos. 17 CRS 241383-85, 18 CRS 8572

STATE OF NORTH CAROLINA

 v.

ZACCAEUS LAMONT ANTHONY

 Appeal by defendant from judgments entered 11 February 2019 by Judge

Andrew Taube Heath in Mecklenburg County Superior Court. Heard in the Court of

Appeals 14 May 2020.

 Attorney General Joshua H. Stein, by Assistant Attorney General Zachary
 Padget, for the State.

 Mark Hayes for defendant-appellant.

 TYSON, Judge.

 Zaccaeus Lamont Anthony (“Defendant”) appeals from judgments entered

upon the jury’s verdicts finding him guilty of carrying a concealed weapon, possession

of a firearm by a felon, possession of a weapon on educational property, and attaining

habitual felon status. We find no error.

 I. Background

 Johnson C. Smith University police officer Todd Sherwood received a call from

a security officer at a campus entrance traffic booth at approximately 12:55 a.m. on 3
 STATE V. ANTHONY

 Opinion of the Court

November 2017. Some female students reported their concern that a vehicle was

following their vehicle onto campus. Officer Sherwood spoke to the women, who

identified the vehicle they believed was following them. Officer Sherwood told the

women to go to their dorm, make sure they were not followed, and stay there.

 The women drove off. Officer Sherwood saw the identified vehicle approach

him as it followed the women onto campus property. Officer Sherwood stopped the

vehicle to address the women’s concerns and to question whether its occupants were

students and their reason for being on campus. Officer Sherwood observed two men

inside the car: Jerome Houston the driver, and Defendant in the passenger seat.

 Officer Sherwood detected the odor of alcohol and saw an open beer can inside

the vehicle. The men told Officer Sherwood they were not students at the University

and they “just wanted to talk to the girls that were in the car ahead of them.” Houston

gave Officer Sherwood his consent to search the vehicle. Officer Sherwood asked

Houston to step out of the vehicle for a pat down.

 Officer Sherwood then approached Defendant’s side of the vehicle and asked

Defendant to step out of the vehicle. As Defendant stepped out the vehicle, Officer

Sherwood noticed a bulge, which weighed down the front pocket of the hoodie

Defendant was wearing. Officer Sherwood asked Defendant if he had any weapons

on him. Defendant replied he did not.

 -2-
 STATE V. ANTHONY

 Opinion of the Court

 Officer Sherwood patted Defendant down and asked him what was inside the

front pocket. Defendant said he had keys in the front pocket, which he removed upon

Officer Sherwood’s request. Officer Sherwood noticed the bulge was still present and

still weighing down the front pocket. Officer Sherwood patted Defendant down a

second time and “noticed a distinct outline of a handgun.”

 Officer Sherwood took Defendant into custody and removed the handgun from

Defendant’s pocket. Defendant was indicted for: (1) carrying a concealed weapon; (2)

possession of a firearm by a felon; (3) carrying a weapon on educational property; and,

(4) attaining the status of habitual felon.

 Defendant filed his first motion on 18 April 2018 to suppress all evidence

obtained during or subsequent to the stop. He alleged Officer Sherwood had seized

Defendant without reasonable suspicion and in violation of the Fourth and

Fourteenth Amendments to the Constitution of the United States. The trial court

held a hearing and denied Defendant’s first motion on 5 November 2018.

 Defendant filed a second motion on 4 February 2019 to suppress all evidence

seized from Defendant resulting from Officer Sherwood’s pat downs. He alleged

Officer Sherwood did not have a reasonable and articulable suspicion that Defendant

was either armed or dangerous when he searched Defendant’s person. The trial court

held another hearing and denied Defendant’s second motion on 6 February 2019.

 -3-
 STATE V. ANTHONY

 Opinion of the Court

 The jury found Defendant guilty of all charged offenses. Defendant stipulated

to and the trial court found Defendant was a prior record level III offender, with three

prior weapons offenses. Defendant was sentenced in the presumptive ranges to

concurrent, active sentences of 84 to 113 months for carrying a concealed weapon, 96

to 128 months for possession of a firearm by a felon, and 33 to 52 months for

possession of a weapon on educational property. Defendant entered his notice of

appeal in open court.

 II. Jurisdiction

 An appeal as of right lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-

27(b)(1) and 15A-1444(a) (2019).

 III. Issues

 Defendant argues the trial court erred by denying his first motion because

Officer Sherwood had no reasonable suspicion to stop the car. Defendant also argues

the trial court erred by denying his second motion because Officer Sherwood had no

reasonable and articulable suspicion to believe Defendant was armed or dangerous

to search his person. In considering the reasonable suspicion, Defendant argues the

evidence of the “bulge” should not be considered. Lastly, Defendant argues he

received ineffective assistance of counsel.

 IV. Preservation

 -4-
 STATE V. ANTHONY

 Opinion of the Court

 The State argues Defendant waived his asserted issues concerning the trial

court’s denial of his motions to suppress by failing to timely object at trial before the

jury. We agree.

 In order to preserve an issue for appellate review, a party
 must have presented to the trial court a timely request,
 objection, or motion, stating the specific grounds for the
 ruling the party desired the court to make if the specific
 grounds were not apparent from the context. It is also
 necessary for the complaining party to obtain a ruling upon
 the party’s request, objection, or motion.

N.C. R. App. P. 10(a)(1).

 A motion in limine is “not sufficient to preserve for appeal the question of

admissibility of evidence if the defendant does not object to that evidence at the time

it is offered at trial.” State v. Golphin, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000)

(citation omitted), cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). Failure to

object at trial waives appellate review, when evidence is tendered after counsel

sought to exclude the evidence in a pre-trial motion to suppress or a motion in limine.

State v. McClary, 157 N.C. App. 70, 74, 577 S.E.2d 690, 692-93 (2003) (citations

omitted). “A motion in limine will not preserve for appeal the issue of the

admissibility of evidence if the defendant fails to further object to that evidence at the

time it is offered at trial.” Id. (emphasis original) (citations and internal quotation

marks omitted).

 Where the inadmissibility of testimony “is not indicated by the question, but

becomes apparent by some feature of the answer . . . . the objection should be made

 -5-
 STATE V. ANTHONY

 Opinion of the Court

as soon as the inadmissibility becomes known, and should be in the form of a motion

to strike out the answer or the objectionable part of it.” State v. Battle, 267 N.C. 513,

520, 148 S.E.2d 599, 604 (1966) (citation omitted). Where a defendant does not move

to strike an inadmissible answer, his objection is waived. Id. (citations omitted); see

also State v. Adcock, 310 N.C. 1, 19, 310 S.E.2d 587, 598 (1984) (“When the question

does not indicate the inadmissibility of the answer, defendant should move to strike

as soon as the inadmissibility becomes known. Failure to so move constitutes a

waiver.” (citation omitted)).

 In this case, after Officer Sherwood testified that during the pat down, he felt

the “distinct outline of a handgun,” the prosecutor asked, “What did you do at that

point?” Officer Sherwood testified he took Defendant into custody and removed the

handgun from the front pocket of the hoodie. After Officer Sherwood’s answer,

Defendant’s counsel said: “And, Your Honor, if I may just for the record make our

objection based on our pretrial rulings and motions.” The trial court noted

Defendant’s objection for the record and overruled it.

 The evidence Defendant now challenges, to suppress the handgun Officer

Sherwood recovered, was elicited by Officer Sherwood’s answer, not the prosecutor’s

question. Defendant was obligated to move to strike Officer Sherwood’s answer after

objecting for the record and before the jury to preserve his objection.

 [A] witness may insert in his answer something which was
 beyond the question, but when that occurs the attorney for

 -6-
 STATE V. ANTHONY

 Opinion of the Court

 the complaining party should move to strike or to limit the
 reply, as the interest of his client may require. Even valid
 objections may be, and are usually waived in the ordinary
 case by failure to follow the recognized practice by motion to
 strike or by motion to limit if the evidence is not
 competent[.] This appears to be such a case.

Battle, 267 N.C. at 520-21, 148 S.E.2d at 604 (emphasis supplied); see also State v.

Carter, 210 N.C. App. 156, 165, 707 S.E.2d 700, 707, disc. review denied, 365 N.C.

202, 710 S.E.2d 9 (2011).

 Defendant failed to object to the State’s question before Officer Sherwood

testified about the handgun, which he now challenges. Neither did Defendant move

to strike Officer Sherwood’s testimony after it was given. Defendant failed to

adequately preserve this issue for appellate review.

 In criminal cases, an issue that was not preserved by
 objection noted at trial and that is not deemed preserved
 by rule or law without any such action nevertheless may be
 made the basis of an issue presented on appeal when the
 judicial action questioned is specifically and distinctly
 contended to amount to plain error.

N.C. R. App. P. 10(a)(4) (emphasis supplied).

 Defendant failed to assert or argue plain error in his brief. Since Defendant’s

brief did not specifically and distinctly allege the admission of the now-challenged

evidence amounted to plain error, he is not entitled to appellate review under Rule

10(a)(4). See State v. Smith, __ N.C. App. __, __, 837 S.E.2d 166, 169 (2019) (citation

omitted). Defendant’s arguments concerning the admission of evidence about the

handgun are unpreserved and waived. See id.

 -7-
 STATE V. ANTHONY

 Opinion of the Court

 V. Ineffective Assistance of Counsel

 Defendant next asserts ineffective assistance of counsel during the hearing on

his second motion to suppress. To show ineffective assistance of counsel, Defendant

“must show that his counsel’s conduct fell below an objective standard of

reasonableness.” State v. Braswell, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985)

(citing Strickland v. Washington, 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693 (1984)).

 First, the defendant must show that counsel’s performance
 was deficient. This requires showing that counsel made
 errors so serious that counsel was not functioning as the
 “counsel” guaranteed the defendant by the Sixth
 Amendment. Second, the defendant must show that the
 deficient performance prejudiced the defense. This
 requires showing that counsel’s errors were so serious as to
 deprive the defendant of a fair trial, a trial whose result is
 reliable.

Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693; see also Braswell, 312 N.C. at 562,

324 S.E.2d at 248.

 Defendant’s counsel consistently argued at the hearing on the second motion

to suppress that Officer Sherwood’s pat down of Defendant was unconstitutional. He

argued: “At the time that Officer Sherwood frisked Mr. Anthony, he had no

reasonable and articulable suspicion that Mr. Anthony was either armed or

dangerous.” After the trial court concluded Officer Sherwood did have the requisite,

reasonable suspicion to pat Defendant down, Defendant’s counsel said:

 Right. And to be perfectly candid with the Court, I do think
 that there is case law, both federal and state case law that
 says that when an officer observes a bulge that that creates

 -8-
 STATE V. ANTHONY

 Opinion of the Court

 the necessary reasonable and articulable suspicion . . . . I
 think that the moment that Officer Sherwood sees a bulge
 . . . that he can do a pat down.

 Defendant’s counsel went on to assert Officer Sherwood had decided to pat

down Defendant before he saw the bulge. On appeal, Defendant argues he may have

received ineffective assistance of counsel, if the trial court considered his counsel’s

candid statement to be a concession, rather than an argument in the alternative.

 Defendant cannot show he received ineffective assistance of counsel under the

standard of Braswell and Strickland. His counsel’s candid statement was an accurate

statement of law. His subsequent argument about the timing of Officer Sherwood’s

decision to pat Defendant down was not deficient performance. Further, Defendant

cannot show he was prejudiced. The trial court did not consider or rely upon his

counsel’s candid statement as a concession when it ruled upon Defendant’s second

motion to suppress. Defendant’s argument is overruled.

 VI. Conclusion

 A motion in limine is “not sufficient to preserve for appeal the question of

admissibility of evidence if the defendant does not object to that evidence at the time

it is offered at trial.” Golphin, 352 N.C. at 405, 533 S.E.2d at 198. Defendant objected

after the evidence he now challenges on appeal was introduced at trial, and he did

not move to strike the evidence. His objection to the admission of this evidence is

waived. See Battle, 267 N.C. at 520, 148 S.E.2d at 604.

 -9-
 STATE V. ANTHONY

 Opinion of the Court

 Defendant did not specifically and distinctly allege and argue in his brief that

the trial court plainly erred in denying his motions to suppress. Defendant is not

entitled to plain error review under N.C. R. App. 10(a)(4). See Smith, __ N.C. App. at

__, 837 S.E.2d at 169.

 Defendant failed to show he received ineffective assistance of counsel where

his counsel’s performance was not deficient, nor was he prejudiced by his counsel’s

performance. Defendant received a fair trial, free from prejudicial errors he

preserved and argued.

 We find no reversible errors to warrant a new trial. It is so ordered.

 NO ERROR.

 Judges BERGER and COLLINS concur.

 - 10 -